UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Stephen Bain,                          :
        Plaintiff,                     :
                                       :
        v.                             :       File No. 2:07-CV-70
                                       :
Corrections Corporation                :
of America, Dr. Wade                   :
Warren, Dr. Lippman,                   :
John Ferguson, R.N.                    :
Cogburn, Fred Figueroa,                :
Brent Crouse, and John                 :
and Jane Doe, Robert                   :
Hofmann, Dr. Kaczmerck,                :
Mr. Looney, Oklahoma                   :
Department of Corrections,             :
Vermont Department of                  :
Corrections,                           :
        Defendants.                    :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 13 and 14)

Plaintiff Stephen Bain, a Vermont inmate proceeding *pro se*, brings this action claiming that he was denied adequate medical care while incarcerated out of state.  The defendants have moved to dismiss the complaint for failure to state a claim and for improper venue.  For the reasons set forth below, I recommend that all claims against defendants Robert Hofmann and the Vermont Department of Corrections be DISMISSED, and that the remainder of this case be TRANSFERRED to the United States District Court for the Western District of Oklahoma.

<u>Factual Background</u>

For purposes of the pending motion to dismiss, the facts alleged in the complaint will be accepted as true. During the relevant time period, Bain was a Vermont inmate incarcerated at the North Fork Correctional Facility ("NFCF"), a privately-owned prison in Sayre, Oklahoma. Corrections Corporation of America ("CCA") owns NFCF, and the Vermont Department of Corrections ("DOC") contracts with CCA to house a portion of its inmates at the Oklahoma facility.

Bain reportedly suffers from chronic pain as a result of three automobile accidents since 1985.  He also suffers from symptoms of traumatic brain injury.  Those symptoms include increased sensitivity to light and sound, difficulties with memory and concentration, slow comprehension and migraine headaches.  Bain appears to have been receiving effective medication for pain prior to his arrival in Oklahoma.  Once at NFCF, however, he was stripped of his medications and not provided an effective alternative.

Bain claims that he requires narcotics for his pain. He bases this conclusion on written comments by Dr. Daniel

Graubert, a specialist in the care and treatment of neurological and chronic pain symptoms at Dartmouth Hitchcock Medical Center in Lebanon, New Hampshire.  Bain met with Dr. Graubert on June 15, 2006, and the doctor's notes are attached to the complaint.

In his notes, Dr. Graubert writes that Bain asked him to consider opiates for his pain.  While Dr. Graubert found that it was "reasonable to prescribe low to moderate dose[s] of methadone," he acknowledged that an opiate may not be permitted in prison.  "If methadone were not a medication that is considered in this facility, then another option would be a medication such as MS Contin, which might be used 60 mg twice a day dose."  Even outside of prison, Dr. Graubert thought that Bain might have difficulty finding a physician who was willing to prescribe Bain's desired medication, adding that "[t]hey are certainly not essential medications for him to survive."  (Paper 5-3 at 2).  It appears from the complaint that Bain's treating physician at the time, Dr. Mitchell Miller, followed Dr. Graubert's recommendation and prescribed a narcotic for pain.

Bain was subsequently transported NFCF.  Bain reports that when he arrived at NFCF on January 13, 2007, he had

sufficient medication to last him over a month.  On January 23, 2007, Dr. Wade Warren removed Bain from his course of treatment pursuant to a CCA policy banning the use of narcotic medications at NFCF.  Bain now contends that, when he initiated this action in February 2007, he was receiving no treatment for his brain injury and no "meaningful care and/or treatment for his migraine headaches, his chronic nerve pain, and/or his other chronic pain conditions."

This case was recently consolidated with another of Bain's cases.  See Bain v. Hofmann, et al., Case No. 1:06-CV-168.  Although the original complaint in that case focused on medical providers and prison personnel in Vermont, Bain later amended his complaint to instead focus on his medical care immediately after his arrival in Oklahoma.  The relief requested in the consolidated complaint was purely injunctive.[1]

## Discussion

The defendants argue that dismissal of this case is warranted or, in the alternative, that venue in this Court is improper.  In general, a court may not reach the merits of the case prior to determining venue.  See Joyner v. Reno,

---

[1] Bain reports that he is currently incarcerated in Beattyville, Kentucky.

466 F. Supp. 2d 31, 40 (D.D.C. 2006).  Therefore, the Court
will first assess the defendants' venue argument.

When a case is commenced in an improper venue, Section
1406(a) requires the Court to either dismiss it or, "if it
be in the interest of justice," transfer the case to a
district in which it could have been brought.  28 U.S.C. §
1406(a).  "Whether dismissal or transfer is appropriate lies
within the sound discretion of the district court."
Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993).
"On a Rule 12(b)(3) motion to dismiss based on improper
venue, the burden of showing that venue in the forum is
proper falls on the plaintiff."  Indymac Mortgage Holdings,
Inc. v. Reyad, 167 F. Supp. 2d 222, 237 (D. Conn. 2001).

In cases involving questions of federal law, such as
civil rights claims under § 1983, venue lies in

> (1) a judicial district where any defendant
> resides, if all defendants reside in the same
> State, (2) a judicial district in which a
> substantial part of the events or omissions giving
> rise to the claim occurred, or a substantial part
> of property that is the subject of the action is
> situated, or (3) a judicial district in which any
> defendant may be found, if there is no district in
> which the action may otherwise be brought.

28 U.S.C. § 1391(b); see also Amaker v. Haponik, 198 F.R.D.
386, 391 (S.D.N.Y. 2000).

Subsection (1) of § 1391(b) does not apply here, since the defendants do not all reside in the same district.  If the Court were to exclude defendant Hofmann and the Vermont DOC, the only two defendants from Vermont, all remaining defendants would be from Oklahoma.  As discussed below, dismissal of Hofmann and the Vermont DOC may be appropriate prior to transfer.

The next subsection of § 1391(b) determines venue based upon where "a substantial part of the events or omissions giving rise to the events occurred . . . ."  28 U.S.C. § 1391(b)(2).  The Second Circuit has instructed lower courts to "take seriously the adjective 'substantial'" in construing "the venue statute strictly."  Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 356 (2d Cir. 2005).  In this case, the principal events took place at the correctional facility in Oklahoma.  Accordingly, venue is most appropriate in that state under subsection (2).  See Lee v. Corrections Corp. of America, 2007 WL 4225405, at *2-*3 (D. Hawaii Nov. 26, 2007); Basargin v. Corrections Corp. of America, 2005 WL 2705002, at *2 (D. Alaska Oct. 17, 2005); Sadler v. Rowland, 2004 WL 2061127, at *5 (D. Conn. Sept. 13, 2004) (action brought by Connecticut prisoner against

prison personnel in Virginia transferred to Virginia).

Because this action could have been brought in Oklahoma, subsection (3) § 1391(b) is inapplicable.  <u>See</u> Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 2d § 3802.1 n. 26 (Supp. 2003) (citing <u>F.S. Photo, Inc. v. Picturevision, Inc.</u>, 48 F. Supp. 2d 442, 448 (D. Del. 1999)).

Having determined that venue is most appropriate in Oklahoma, the Court must decide whether the case should be dismissed, or whether the interests of justice call for a transfer.  "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." <u>Daniel v. American Bd. of Emergency Medicine</u>, 428 F.3d 408, 435 (2d Cir. 2005) (citation omitted).  In making this determination, consideration should be given to the ultimate goal of the "expeditious and orderly adjudication of cases and controversies on their merits."  <u>Goldlawr, Inc. v. Heinman</u>, 369 U.S. 463, 466-67 (1962).

I recommend that the majority of the case be transferred to Oklahoma, with two exceptions.  Those exceptions, as suggested above, are Vermont defendants Robert Hofmann and the Vermont DOC.  Claims against Hofmann

7

in his individual capacity were dismissed in a previous

order. (Papers 20 and 26). With respect to claims brought

against him in his official capacity, the Court concluded

that claims for prospective injunctive relief could not be

dismissed pursuant to Hofmann's Eleventh Amendment argument.

(Paper 20). Now, however, Hofmann and the State of Vermont

face the potential of litigation in a foreign state. The

Court should therefore reconsider their potential liability

in this case, with particular attention to any

jurisdictional issues that might apply.

Claims against the DOC are clearly barred by the

Eleventh Amendment, and should therefore be DISMISSED. See,

e.g., Edwards v. Vermont Dep't of Corrections, 2007 WL

2332414, at *2 (D. Vt. Aug. 13, 2007). The only remaining

claims against Hofmann are for injunctive relief. However,

Bain is no longer incarcerated in Oklahoma, so injunctive

relief with respect to his care at that facility is

unavailable. See Prins v. Coughlin, 76 F.3d 504, 506 (2d

Cir. 1996).[2] Because the claims against the Vermont DOC and

Hofmann are barred on the basis of Eleventh Amendment

immunity and mootness, respectively, the federal courts have

---

[2]  Bain has not informed the Court of any medication-related problems in his
new facility.

no jurisdiction over those claims and they should be DISMISSED *sua sponte*.  See <u>McCullough v. Burroughs</u>, 2005 WL 3164248, at *1 n. 3 (E.D.N.Y. Nov. 29, 2005) ("the Court may *sua sponte* dismiss a claim on the ground of Eleventh Amendment immunity because it affects subject matter jurisdiction"); <u>United States v. Suleiman</u>, 208 F.3d 32, 36 (2d Cir. 2000) (addressing mootness issue *sua sponte*).

As to the remainder of the case, a transfer is in the interest of justice.  Bain commenced this action several months ago.  Because of his *in forma pauperis* status, service has been initiated by the U.S. Marshals Service.  To dismiss the case and require re-filing in Oklahoma would result in unnecessary duplication of effort on the part of the government, additional effort for the plaintiff, added expense for the defendants, and unnecessary delay for all parties.  I therefore recommend that the remainder of the case be TRANSFERRED to Oklahoma.

## Conclusion

For the reasons set forth above, I recommend that all claims against defendants Robert Hofmann and the Vermont DOC be DISMISSED.  I further recommend that the remainder of this case, including the defendants' motion to dismiss and

Bain's motion to strike portions of that motion, be

TRANSFERRED to the United States District Court for the

Western District of Oklahoma pursuant to 28 U.S.C. § 1406.

Dated at Burlington, in the District of Vermont, this

13th day of February, 2008.


/S/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation
within 10 days after service by filing with the clerk of the
court and serving on the magistrate judge and all parties,
written objections which shall specifically identify the
portions of the proposed findings, recommendations or report
to which objection is made and the basis for such
objections.  Failure to file objections within the specified
time waives the right to appeal the District Court's order.
See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1);
Fed. R. Civ. P. 72(b), 6(a) and 6(e).